UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES FELIPE G. A., | No. 1:26-cv-00254-KES-CDB (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| CHRISTOPHER CHESTNUT, Warden of California City Detention Center; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, | Doc. 1 |
| Respondents. | |

Petitioner Andres Felipe G. A. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has addressed the legal issues raised by count two of the petition on previous occasions.  *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1    The Court informed the parties that it intended to rule directly on the petition and ordered

2 respondents to show cause as to whether there are any factual or legal issues in this case that

3 render it distinguishable from the Court's prior orders in *Clene C.D. v. Robbins*, *Bilal A. v.*

4 *Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition.  Doc. 6.

5 Respondents state that they "submit based on the briefing in the previously-filed cases cited in

6 this Court's order." Doc. 9.[2]

7    As respondents have not made any new legal arguments and have not identified any

8 factual or legal issues in this case that render it distinguishable from the Court's prior decisions in

9 *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12,

10 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal.

11 Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521

12 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to count two,

13 for the reasons stated in those prior orders.[3]

14    Respondents are ORDERED to release petitioner immediately.  Respondents are

15 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear

16 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that

17 petitioner is a flight risk or danger to the community such that his physical custody is legally

18 justified.

19    The Clerk of Court is directed to close this case and enter judgment for petitioner.

20

21 IT IS SO ORDERED.

22    Dated:    January 16, 2026

       _____
       UNITED STATES DISTRICT JUDGE

23

24 _____

25 [2] Although respondents captioned their response as "Motion to Dismiss Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and Rule 4; Response to Petition for Writ of Habeas

26 Corpus; Opposition to Preliminary Injunction; Opposition to Temporary Restraining Order," in the body of the response respondents do not move to dismiss the petition.  *See* Doc. 9.

27

28 [3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the ruling on count two.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28